**Juan Esteban VALENCIA–
BLANDON, Petitioner,**

v.

**Alberto GONZALES,\* United States
Attorney General Respondent.**

**Nos. 03–74504, 03–72298.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2005.\*\*

Decided March 10, 2005.

Juan Esteban Valencia–Blandon, Alexandria, VA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., Jennifer Paisner, U.S. Department of Justice, Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, CUDAHY *** and RYMER, Circuit Judges.

### ORDER ****

Petitioner, Columbian national Juan Esteban Valencia–Blandon, who was removed by the Department of Homeland Security (DHS) following an immigration judge's denial of his application for asylum in 2003, brings two separate petitions for relief. He challenges (1) an order by the Board of Immigration Appeals (BIA) accepting his withdrawal of appeal (petition No. 03–72298) and (2) the BIA's denial of his subsequent Motion to Reconsider and/or Reopen (petition No. 03–74504).

Taking petitioner's second claim first (petition No. 03–74504), the government concedes that, since the compound Motion to Reconsider and/or Reopen presented new factual information bearing on Valencia–Blandon's asylum application, the Motion should have been construed as a Motion to Reopen and thus should *not* have been dismissed as time-barred under the 30–day limitations period applicable to Motions to Reconsider. *See* 8 U.S.C. § 1229a(c); *Iturribarria v. I.N.S.*, 321 F.3d 889, 895–97 (9th Cir.2003). The BIA's mischaracterization and denial of the Motion was thus an abuse of discretion. *Iturribarria* 321 F.3d at 897. We therefore vacate the BIA's ruling that the Motion was time-barred and remand the case so that the BIA may consider the merits of petitioner's Motion to Reopen. We also pause to note that, given the new information presented in the Motion, the BIA should seriously consider reopening petitioner's case.

With respect to petitioner's claim regarding his Withdrawal of Appeal (petition

No. 03–72298), that claim becomes moot if the BIA elects to grant petitioner's Motion to Reopen. Accordingly, we will defer submission of petition No. 03–72298 pending the BIA's disposition of petitioner's Motion to Reopen. Counsel are hereby instructed to file a status report advising this Court of the BIA's decision within 60 days of issuance of this order, or whenever the BIA renders its decision on the Motion to Reopen.

Finally, while petitioner's request that he be located and returned to the United States at government expense appears somewhat extraordinary, we will permit petitioner to return to the United States on his own pending final resolution of his asylum application and related petitions. *See, e.g., Singh v. Waters*, 87 F.3d 346, 350 (9th Cir.1996). The government is hereby directed to permit petitioner to return to the United States for this limited purpose.

### VACATED AND REMANDED.

---

*** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.